UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:25-CV-06053-PD                     Date: September 10, 2025

Title    *Scott Christopher Forbes, et al. v. Bank of America, N.A., et al*

Present:  The Honorable:   Patricia Donahue, United States Magistrate Judge

|  |  |
|---|---|
| Isabel Verduzco | N/A |
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**  **(1) Order Vacating Text Only Entry Dated July 15, 2025; (2) Order to File Proofs of Service; (3) Order to Show Cause Re Lack of Prosecution**

On July 2, 2025, Defendant Bank of America, N.A. ("Bank of America") filed a Notice of Removal to federal court.  Dkt. No. 1.  The complaint in this action was filed by Scott Christopher Forbes, Discount Warehouse LLC, and Shanghai Creative Co LLC ("Plaintiffs"), and named the following additional defendants: Jacob Lee, Jeremy Zho, and Erika Paskor.  *See* Dkt. No. 1, Exh. A.

On July 3, 2025, the Clerk of the Court issued a Notice of Assignment to a U.S. Magistrate Judge and Declination of Consent ("Notice of Assignment").[1]

---

[1] Among other things, the Notice of Assignment advises that this case has been assigned to United States Magistrate Judge Patricia Donahue for all purposes and that any party may decline to consent to that assignment according to the schedule set forth for such declination.  Dkt. No. 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-CV-06053-PD                    Date: September 10, 2025

Title     *Scott Christopher Forbes, et al. v. Bank of America, N.A., et al*

On July 15, 2025, a Text Only Entry was entered on the Court's docket, stating that the period to decline consent had expired and the case would proceed before a Magistrate Judge for all purposes.  However, no proofs of service were filed showing that the Notice of Assignment was served on the other named defendants in this case: Jacob Lee, Jeremy Zho, and Erika Paskor.  Because no proofs of service show that the remaining named defendants were served the Notice of Assignment, the period to decline consent did not expire for those defendants.  Accordingly, the Court **VACATES** the July 15, 2025 Text Only Entry based on clerical error.

Additionally, according to Central District of California Local Civil Rule ("Local Rule") 4-6, Plaintiffs must "file a proof of service within 14 days of service of the summons and complaint or receipt of a notice and acknowledgement of service."  And pursuant to Local Rule 73-2.1, Plaintiffs must serve the Notice of Assignment on each defendant at the time of service of the Summons and Complaint.

Therefore, Plaintiffs are **ORDERED** to file Proofs of Service of the Notice of Assignment, Summons, and Complaint on Jacob Lee, Jeremy Zho, and Erika Paskor by no later than **October 3, 2025**.

Further, on August 11, 2025, Bank of America and Erika Paskor filed a stipulation to extend time for their response to Plaintiffs' complaint, due September 3, 2025.  Dkt. No. 8.  That date has now passed, and no response has been filed.

Plaintiffs have declined to further prosecute the action by filing a request for entry of default pursuant to Federal Rule of Civil Procedure 55(a) or notice of voluntary dismissal.  It is Plaintiffs' responsibility to prosecute this action diligently by filing stipulations extending time to respond and seeking Rule 55 remedies promptly upon default of any defendant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:25-CV-06053-PD                    Date: September 10, 2025

Title    *Scott Christopher Forbes, et al. v. Bank of America, N.A., et al*


      Plaintiffs are therefore **ORDERED TO SHOW CAUSE <u>in writing by no later than October 3, 2025</u>**, why this case should not be dismissed without prejudice as to Bank of America and Erika Paskor for lack of prosecution.  *See* Fed. R. Civ. P. 41; *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (holding district courts have "inherent power sua sponte to dismiss a case for lack of prosecution.") (citations omitted).  Plaintiffs may discharge this Order by seeking entry of default or filing a notice of voluntary dismissal.  Failure to timely respond to this Order may result in involuntary dismissal of this action for failure to prosecute and/or for failure to obey a court order.  *See* Fed. R. Civ. P. 41(b).


**IT IS SO ORDERED**.

|                        |       |
|------------------------|-------|
|                        | :     |
| Initials of Preparer   | iv    |